ROGERS JOSEPH O'DONNELL
John G. Heller (SBN 129901)
jheller@rjo.com
Lauren Kramer Sujeeth (SBN 259821)
lsujeeth@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile:  415.956.6457

Attorneys for Defendant
ICARZ INC., a California Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>iCarz Inc., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>Defendant. | Case No. 2:20-cv-00851-MCE-CKD<br><br>**ANSWER TO COMPLAINT**<br><br>Judge Morrison C. England |

Defendant iCarz Inc. answers the complaint as follows:

**Response to Description of Parties**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth allegations in Paragraph 1, and that basis denies them.

2. Defendant admits that it is a California corporation authorized to do business in the State of California with its headquarters and principal place of business located in Sacramento, California.  Defendant denies the remaining allegations in this paragraph.

**Response to Assertions re Jurisdiction and Venue**

3. Defendant admits that Plaintiff alleges an amount in controversy exceeding $75,000 and alleges that the parties are citizens of different states.  Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies them.

4. Defendant denies the accuracy of Plaintiff's stated basis for personal jurisdiction.

5. Defendant admits the allegations of Paragraph 5.

### Response to Factual Allegations

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 7.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 11, and on that basis denies them.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits that Plaintiff filed a UCC Financing Statement and amendments. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis denies them.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant admits that Plaintiff advanced funds to Defendant. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that the Note contains obligations regarding the timely payment of amounts due. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denied them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies them.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

**Response to First Claim for Relief**

23. Defendant incorporates by reference its responses to paragraphs 1 – 22 above.

24. Defendant admits that Plaintiff and iCarz are parties to the Note, and denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

**Response to Second Claim for Relief**

28. Defendant incorporates by reference its responses to paragraphs 1 – 27 above.

29. Defendant admits that Plaintiff and iCarz are parties to the Note. Defendant denies the remaining allegations in Paragraph 29.

30. Defendant admits that the Note purports to grant Plaintiff a security interest in certain vehicles, but denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that the iCarz Vehicles have not been taken for a tax assessment of fine.  Defendant denies the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

**Response to Prayer for Relief**

Defendant denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to Plaintiff's Complaint and each claim for relief therein. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each alleged claim for relief therein fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or avoid the damages alleged and its recovery, if any, should therefore be reduced by such amounts as could and should have been mitigated or avoided.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, should be barred or, in the alternative, reduced because of Plaintiff's unclean hands, including but not limited to the fact that in the process of enforcing purported rights under the contracts at issue in the complaint, Plaintiff acted oppressively, in bad faith, and in contravention of law by demanding that Defendant's principal violate COVID-19 orders and restrictions, and by penalizing Defendant for refusing to comply with such demands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint and each alleged claim for relief are barred by the doctrine of unconscionability. Defendant lacked a meaningful choice in the execution of the contracts alleged in the complaint and they are unjust and unreasonably one-sided in that, among other reasons, they purport to require Defendant to pay interest even when Plaintiff has not made a loan. The amounts in which Defendant has been thereby damaged, and the amounts in which Plaintiff has thereby been unjustly enriched, should be offset against any amounts to which Plaintiff may be entitled on the claims asserted in its complaint.

### FIFTH AFFIRMATIVE DEFENSE

The injuries, losses or damages, if any, claimed by Plaintiff were the direct and

proximate result of an unavoidable incident, condition or act of God without fault or liability on the part of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

The purported contractual conditions upon which Plaintiff relies were excused and waived under the doctrines of impossibility and impracticality including because of the COVID-19 pandemic, the governmental restrictions imposed due to the pandemic, and the foreseeable consequences thereof.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was estopped for requiring or insisting that Defendant and its representatives perform purported conditions of the contracts at issue, or to engage in conduct that might otherwise be required under an implied covenant, and its claims for damages should be extinguished or reduced under the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's loss, if any, resulted in whole or in part from its own acts of carelessness, negligence, or fault, and/or that of Plaintiff's agents or representatives, and this carelessness, negligence, or fault bars or reduces the damages Plaintiff may recover against Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and its agents or representatives were fully advised concerning the conduct, events and or matters alleged in the Complaint and consented, authorized and/or ratified all conduct, actions and/or omissions of Defendant alleged in the Complaint.  As a result, Plaintiff is barred from recovering damages, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported claim for relief contained therein, is barred in whole or in part by the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has breached the implied covenant of fair dealing in the contracts at issue by, among other things, insisting that Defendant violate the law as a condition of

avoiding self-help remedies, retaliating against it for failure to comply with Plaintiff's insistence that it violate the law, and by unconscionably charging Defendant interest on the contracts at issue even in the absence of a loan. Its damages should be barred in whole or in part due to this breach.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported claim for relief contained therein, is barred in whole or in part, due to lack and failure of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported claim for relief contained therein, is barred in whole or in part, under the doctrines of duress and undue influence.

### DEMAND FOR JURY TRIAL

Defendant iCarz hereby demands a jury trial of all issues in this Answer which are triable to a jury.

**WHEREFORE**, Defendant prays for a judgment:

1. Dismissing Plaintiff's Complaint and each claim for relief with prejudice;
2. Confirming that Plaintiff take nothing by way of the Complaint;
3. Awarding Defendant attorney fees and costs of suit; and
4. Awarding such other and further relief as may be appropriate and provided by law.

Dated: June 9, 2020

ROGERS JOSEPH O'DONNELL

By: /s/ *John G. Heller*
_____
JOHN G. HELLER
Attorneys for Defendant iCarz, Inc.

## PROOF OF SERVICE
### [FRCivP 5(b)]

I, Tamora Horen, state: My business address is 311 California Street, 10th Floor, San Francisco, CA 94104. I am employed in the City and County of San Francisco. This service was effected from Pacifica, California.

I hereby certify that on June 9, 2020 I electronically filed the foregoing document with the United States District Court, Eastern District of California by using the CM/ECF system.

## ANSWER TO COMPLAINT

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

**NAMES AND ADDRESSES OF PARTIES SERVED:**
<u>COUNSEL for NEXTGEAR</u>
Kurt A. Kappes
Lupe R. Laguna
Jonathan K. Ogata
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Pacifica, California.

Dated: June 9, 2020                    */s/ Tamora M. Horen*
                                        Tamora Horen