KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.., a Delaware Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>ICARZ INC., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>         Defendant. | CASE NO.  2:20-CV-00851-MCE-CKD<br><br>**PLAINTIFF NEXTGEAR CAPITAL, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE ICARZ INC.'S JURY TRIAL DEMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date:     August 6, 2020<br>Time:    2:00 p.m.<br>Courtroom:  7, 14th Floor |

**TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 6, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 7 of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, California 95814, Plaintiff NextGear Capital, Inc. ("Plaintiff") will and hereby moves the Court pursuant to Fed. R. Civ. P. 12(f) & 39(a)(2), to strike the jury demanded by Defendant iCarz Inc., d/b/a Lending Club Auto d/b/a Latinos Auto Center ("Defendant").  Defendant's demand for a jury trial is improper because Defendant contractually waived any right to a jury trial.

This Motion to Strike is based on this Notice of Motion; the Memorandum of Points and Authorities; the Declaration of Stephen Smith; the records on file in this matter; and such further evidence and argument as the Court may permit or require at or prior to the time of the hearing on this Motion.

Dated:  June 30, 2020                     GREENBERG TRAURIG, LLP


                                          By: /s/ Lupe R. Laguna
                                              Kurt A. Kappes
                                              Lupe R. Laguna
                                              Jonathan K. Ogata
                                              Attorneys for Plaintiff
                                              NEXTGEAR CAPITAL, INC.

# **TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

STATEMENT OF FACTS & RELEVANT PROCEDURAL HISTORY ......................................1

ARGUMENT .................................................................................................................................5

    I.    LEGAL STANDARD........................................................................................................5

    II.    DEFENDANT'S JURY TRIAL DEMAND IS BARRED BY ITS KNOWING AND CONSPICUOUS WAIVER OF ITS RIGHT TO A JURY TRIAL THAT DIRECTLY RELATES TO THE CLAIMS ASSERTED .......................................................5

        A.    Federal Law Controls the Question of Whether Defendant's Jury Trial Waiver is Valid and Enforceable. ..................................................................................5

        B.    Defendant's Jury Trial Waiver Was Knowing, Voluntary, and Intelligent. .............7

        C.    This Dispute is Within the Scope of Defendant's Jury Trial Waiver. ......................9

CONCLUSION................................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*1st Source Bank v. Ryan Contracting Co.*,
   No. 3:07-CV-589 RM, 2008 WL 2002228 (N.D. Ind. May 5, 2008) ..................................... 6

*Applied Elastomerics, Inc. v. Z-Man Fishing Prod., Inc.*,
   521 F. Supp. 2d 1031 (N.D. Cal. 2007) ............................................................................. 6

*Bell-Sparrow v. SFG*Proschoicebeauty*,
   2019 WL 1201835 (N.D. Cal. Mar. 14, 2019) .................................................................... 6

*Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*,
   No. 2:10-2751 WBS GGH, 2012 WL 2682761 (E.D. Cal. July 6, 2012) ................... 5, 7, 8, 9

*In re County. of Orange*,
   784 F.3d 520 (9th Cir. 2015) ........................................................................................ 6, 7

*Cty. of Orange v. Tata Consultancy Servs. Ltd.*,
   2014 WL 12603073 (C.D. Cal. June 10, 2014) ........................................................... 6, 7, 9

*Granite State Ins. Co. v. Smart Modular Techs.*,
   76 F.3d 1023 (9th Cir.1996) ............................................................................................. 5

*Hedley Bizctr N. Las Vegas, L.P. v. Merrill Lynch Capital*,
   No. SACV0800222CJCPJWX, 2008 WL 11342721 (C.D. Cal. June 3, 2008) ..................... 9

*Keller v. Golden Corral Franchising Sys.*,
   No. CV0703143RGKAJWX, 2010 WL 11519571 (C.D. Cal. Mar. 19, 2010) ...................... 8

*Madison Nampa LLC v. Mattress Firm, Inc.*,
   No. 1:17-CV-00049-SAB, 2017 WL 7550683 (D. Idaho Mar. 27, 2017) ............................. 7

*Okura & Co. (Am.), Inc. v. Careau Grp.*,
   783 F. Supp. 482 (C.D. Cal. 1991) .............................................................................. 9, 10

*Phoenix Leasing Inc. v. Sure Broad., Inc.*,
   843 F. Supp. 1379 (D. Nev. 1994), *aff'd*, 89 F.3d 846 (9th Cir. 1996) ............................. 8, 9

*Siemens Fin. Servs. Inc. v. Seyed H. Shahrokni, M.D., Inc.*,
   No. SACV120387AGANX, 2012 WL 12888662 (C.D. Cal. Aug. 31, 2012) ........................ 7

*Simler v. Conner*,
   372 U.S. 221 (1963) ......................................................................................................... 5

*Vintage Farms LLC v. Armed Forces Bank NA*,
   No. CV-16-04157-PHX-GMS, 2017 WL 2775027 (D. Ariz. June 27, 2017) ....................... 7

**Rules**

Fed. R. Civ. P. 12(f) ................................................................................................................ 5

Fed. R. Civ. P. 39 .................................................................................................................... 5

## INTRODUCTION

Plaintiff NextGear Capital, Inc. ("Plaintiff") brings this action seeking to enforce its rights under a Demand Promissory Note and Loan and Security Agreement (the "Note") that it entered into with Defendant iCarz, Inc. ("Defendant"). Defendant defaulted on the Note and, prior to this Court granting Plaintiff interim relief, was brazenly liquidating Plaintiff's collateral securing Defendant's obligations under the Note.

With the instant motion, Plaintiff moves to strike Defendant's demand for a jury trial. Through the underlying Note that is the genesis of this dispute, Defendant contractually agreed to waive its right to a jury trial "in any litigation based upon or arising out of this note." (*See* Decl. of Stephen Smith ("Smith Decl."), Ex. A, ¶ 23.) This waiver was knowing, voluntary, and only occurred after Defendant was given the opportunity to consult with counsel. (*See id.*) Thus, Defendant's demand for a jury trial must be stricken.

## STATEMENT OF FACTS & RELEVANT PROCEDURAL HISTORY

Plaintiff is a lender that focuses on, but is not limited to, inventory or floorplan financing for car dealerships. Defendant operates a pre-owned car dealership at 3215 Fulton Avenue, Sacramento, CA 95821. On August 29, 2013, Defendant entered into a Demand Promissory Note and Loan and Security Agreement (the "Note"). (*See* Smith Decl., Ex. A.) Under the terms of the Note, Defendant obtained a floorplan credit line from Plaintiff in the amount of $500,000 "or such greater or lesser sum which may be advanced to or on behalf of [Defendant] from time to time, together with all costs, interest, fees, and expenses." (*Id.*) On or around August 3, 2015, Defendant and Plaintiff entered into an Amendment to the Demand Promissory Note and Loan and Security Agreement (the "First Amended Note") under which Defendant's floorplan credit line was increased to $1,000,000. (*Id.* at Ex. B.) On April 20, 2016, Defendant and Plaintiff again entered into an Amendment to Demand Promissory Note and Loan and Security Agreement (the "Second Amended Note") under which Defendant's floorplan credit line was increased to $2,000,000. (*Id.* at Ex. C.) Plaintiff owns and holds the Note and both amendments. To date, there is approximately $1.4 million in outstanding principal owed on the Note. (Compl. at ¶ 21.)

To secure the repayment of all amounts under the Note and all amendments thereto, Defendant granted a security interest to Plaintiff in the right, title, and interest in the following:

> "…[Defendant's] assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in [Defendant]'s Reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [Defendant]; all cash reserves; all of [Defendant]'s books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of [Defendant] in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds of any of the foregoing (collectively, the "Collateral")."

(*Id.* at ¶ 12.) Plaintiff's security interest in the collateral was perfected upon the filing of a UCC Financing Statement Amendment on August 2, 2013. The UCC Financing Statement, as amended by the August 2, 2013 amendment, identifies the collateral as:

> "All [Defendant]'s assets and properties wherever located, including without limitation all equipment of any nature, all vehicles, vehicle parts and inventory now owned or hereafter acquired, without limitation, purchase money inventory, the purchase of which was financed or floorplanned by NextGear Capital, Inc. for [Defendant] of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts, accounts receivable, chattel paper, and general intangibles now owned or hereafter acquired by [Defendant] together with the proceeds thereof; all of [Defendant] documents, books and records relating to the foregoing."

(*See id.* at ¶ 14.) Thus, under the terms of the Note and the accompanying UCC financing statement, Plaintiff holds a perfected security interest in all of Defendant's assets. To ensure protection of Plaintiff's security interest, Defendant represented and warranted in the Note that it would "not remove any Lender Financed Inventory from such place for a period exceeding twenty-four (24) hours, unless previously authorized in writing by the lender." (Smith Decl. at Ex. A, ¶ 4 (b).) And, that it "would provide [Plaintiff] and its Representatives with full access to all Collateral[.]" (*Id.* at Ex. A, ¶ 2 (b).)

The Note also contains a valid jury trial waiver that is clear, conspicuous, and unequivocal. Specifically, paragraph 23 on the Note states:

> WAIVER OF JURY TRIAL. AFTER CONSULTING OR HAVING HAD THE OPPORTUNITY TO CONSULT WITH COUNSEL, LENDER AND BORROWER KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS NOTE OR ANY OTHER LOAN DOCUMENT, OR ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS NOTE OR ANY OF THE OTHER LOAN DOCUMENTS, OR ANY COURSE OF CONDUCT, STATEMENT, WHETHER ORAL OR WRITTEN, OR ACTIONS OF LENDER OR BORROWER.

NEITHER LENDER NOR BORROWER SHALL SEEK TO CONSOLIDATE, BY COUNTERCLAIM OR OTHERWISE, ANY ACTION IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THESE PROVISIONS SHALL NOT HAVE BEEN DEEMED TO HAVE BEEN MODIFIED IN ANY RESPECT OR RELINQUISHED BY LENDER OR BORROWER EXCEPT BY WRITTEN INSTRUMENT EXECUTED BY BOTH LENDER AND BORROWER.

(*Id.* at Ex. A, ¶ 23.)  As noted above, the parties amended the Note twice, but the waiver of jury trial provision was not modified with either of these amendments.

The most significant risk in floorplan financing is that the dealer/borrower will sell the collateral and then wrongfully retain the sale proceeds that should have been remitted to the floorplan lender. (NextGear Decl. in Support of Application for Temporary Restraining Order ("TRO Decl."), ¶ 17, ECF No. 5-1.)  A purchaser of inventory in the ordinary course of business customarily takes the vehicle free of the lender's lien. (*Id.*)  The floorplan lender's main protection is, therefore, the trust and integrity of the dealer borrower *to pay off vehicles as they are sold*.  (*Id.*)  To the extent that the dealer/borrower sells a vehicle in its inventory without paying off the principal and interest owed to the floorplan lender, such an occurrence is known as a "sale out of trust," or "SOT."  (*Id.*)

To prevent sales out of trust, the Note mandates that "[u]pon the sale of any Unit of Lender Financed Inventory, Borrower shall hold the proceeds from such sale in trust for the benefit of Lender, and Borrower shall pay to Lender, in accordance with this Note and the other Loan Documents, an amount equal to the unpaid balance of the Liabilities relating to such Unit of Lender Financed Inventory."  (Smith Decl., at Ex. A, ¶ 5 (o).)  These monies are due "within twenty-four (24) hours" of Defendant receiving those funds. (*Id.* at Ex. A, ¶ 4 (f).)  Defendant's failure "to perform any of its obligations, undertakings or covenants under [the] Note or under any other Loan Document, including any obligation to repay any Liability when due...[or] obligation to pay upon demand any outstanding Liability under [the] Note" constitutes a default and a breach of the agreement.  (*Id.* at Ex. A, ¶ 6(a).)

Between May 14, 2019, and April 3, 2020, Defendant used the floor plan line of credit to finance one-hundred twenty-six (126) vehicles obtained from various sources for the principal amount of $1,444,609.13.  On March 27, 2020, an ACH payment initiated by Defendant in the amount of $41,017.51 was dishonored by Defendant's financial institution because of a "stop payment" order also initiated by

Defendant.  (TRO Decl. at ¶ 18.)  The payment was ultimately completed, but the incident led to increased scrutiny of the Defendant's account.  This increased scrutiny revealed there were dozens of vehicles that were not being offered for sale on Defendant's website. (*Id.* at ¶ 19.)  Concerned that Defendant had sold the vehicles but failed to remit the outstanding monies due under the Note, Plaintiff repeatedly attempted to communicate with Defendant to determine the status of vehicles for which Plaintiff had provided financing but apparently were not being offered for sale, but Defendant was either non-responsive or evasive in its response.  (*See id.* at ¶ 20.)

On or about April 8, 2020, Plaintiff declared Defendant in default of its obligations under the Note for, among other things, suspected SOT vehicles, and Plaintiff initiated a self-help repossession. (*Id.* at ¶ 21.)  Upon performance of the repossession, Plaintiff determined that at least 13 of the vehicles had been sold out of trust.  Plaintiff was able to determine the 13 vehicles were SOT because consumer financing companies that financed the purchases contacted Plaintiff asking for title to the vehicles. (*Id.*)  Defendant never provided Plaintiff with any of the proceeds from these sales. (*Id.*)  Another 66 of the subject vehicles were not on Defendant's premises and were unaccounted for. (*Id.*)  Plaintiff demanded that Defendant assemble and deliver the missing vehicles, or to account for their whereabouts, but Defendant refused to do so.  (*Id.* at ¶ 22.)

Plaintiff filed this action on April 24, 2020.  (*See* Compl., ECF No. 1.)  Shortly thereafter, Plaintiff filed an application for temporary restraining order seeking to enjoin Defendant from disposing of the collateral securing the Note.  (*See* NextGear's Application for Temporary Restraining Order, ECF No. 5.)  On May 1, 2020, this Court granted Plaintiff's application for temporary restraining order and enjoined Defendant from selling, moving, or otherwise disposing of the vehicles that Defendant financed on its line of credit with Plaintiff.  (*See* Order Issuing Temporary Restraining Order, ECF No. 6.)  The Court further ordered Defendant to serve a writing, signed under oath, that identified the location of the missing vehicles. (*Id.*)  On May 14, 2020, Defendant served the ordered writing which confirmed, as Plaintiff suspected, that the vast majority of the vehicles that were subject to the TRO had already been sold by Defendant without payment to Plaintiff. (Smith Decl., at Ex. D.)  On May 22, 2020, this Court issued an order converting the Temporary Restraining Order into a Preliminary Injunction. (*See* Order on Motion for Preliminary Injunction, ECF No. 16.)

On June 9, 2020, Defendant filed and served its answer to Plaintiff's complaint and, notwithstanding its unambiguous waiver of its right to a jury trial, included a demand for "a jury trial of all issues in this Answer which are triable by a jury." (*See* Defendant's Answer, 6, ECF No. 19.)

## ARGUMENT

### I.  LEGAL STANDARD

Rule 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).  Rule 39 provides that a jury demand may be stricken if "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."  Thus, consistent with Rule 12(f), a party may utilize Rule 39 to "strike a jury demand where the parties have waived their rights to a trial by jury." *Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, No. 2:10-2751 WBS GGH, 2012 WL 2682761, at *2 (E.D. Cal. July 6, 2012).

Here, as set forth below, Defendant knowingly and voluntarily contractually waived its right to a jury trial via the Note, and its demand for a jury trial must be stricken.

### II.  DEFENDANT'S JURY TRIAL DEMAND IS BARRED BY ITS KNOWING AND CONSPICUOUS WAIVER OF ITS RIGHT TO A JURY TRIAL THAT DIRECTLY RELATES TO THE CLAIMS ASSERTED

#### A. Federal Law Controls the Question of Whether Defendant's Jury Trial Waiver is Valid and Enforceable.

Federal law controls the question of whether Defendant's jury trial waiver is valid and enforceable.  As the Supreme Court has squarely held, whether a plaintiff is entitled to a jury trial in federal court is determined by federal law, even where, as here, the Court is applying substantive state law in a diversity action.  *Simler v. Conner*, 372 U.S. 221, 222 (1963) (holding "that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions."); *Granite State Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1026-27 (9th Cir.1996) ("federal law governs whether a party is entitled to a jury trial and if so, on what issues").  This is because, as the Supreme Court instructed in *Simley*, "[o]nly through a holding that the jury-trial right is to be determined according to federal law

can the uniformity in its exercise which is demanded by the Seventh Amendment." *Simler*, 372 U.S. at 222.

Under federal law, parties may contractually waive their right to a jury trial so long as that waiver was knowing and voluntary. *See, e.g.*, *Bell-Sparrow v. SFG\*Proschoicebeauty*, 2019 WL 1201835, at \*8 (N.D. Cal. Mar. 14, 2019) (The right to a jury trial in federal court is governed by federal law and, under federal law, parties may contractually waive their right to a jury trial."); *Cty. of Orange v. Tata Consultancy Servs. Ltd.*, 2014 WL 12603073, at \*2 (C.D. Cal. June 10, 2014) (holding that the right to a jury trial is governed by federal law and, under federal law, parties may contractually waive their right to a jury trial); *Applied Elastomerics, Inc. v. Z-Man Fishing Prod., Inc.*, 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007) (observing that "the right to a jury trial in federal court is governed by federal law and, under federal law, parties may contractually waive their right to a jury trial.").

California law has no applicability here. A federal court sitting in diversity applies state law to determine the validity of a pre-dispute waiver only in instances where the **state law controlling the contract** "is more protective than federal law of the jury trial right." *In re County of Orange*, 784 F.3d 520, 531 (9th Cir. 2015). For example, in *In re Cty. of Orange*, the Ninth Circuit re-affirmed the long-standing principle that "the law governing jury trial waivers in federal court is federal procedural law." *Id*. It carved out a narrow exception to that rule, though, noting that when the state law governing the contract "is more protective than federal law of the jury trial right," that state's law controls.[1] *Id*. The Ninth Circuit observed that the contract at issue was "**governed by California law**," and "California law holds . . . that a litigant cannot waive its right to a jury trial." *Id.* at 533. (emphasis added). Thus, because California law governed the terms of the contract and was more protective than the federal standard, California law controlled the question of whether the jury trial waiver provision was enforceable. *Id*.

The jury trial waiver at issue here, however, does not fall within the narrow exception outlined in *In re County of Orange* because the underlying contract is governed by **Indiana** law, not California law. (Smith Decl., at Ex. A, ¶ 20.) Indiana law expressly recognizes that the parties may waive their right to a jury trial. Indeed, such contractual provisions are enforceable so long as "are freely negotiated and not

---

[1] The Ninth Circuit specifically observed that the only states with law more protective than the federal standard are Georgia and California. *Id.*

unjust or unreasonable." *1st Source Bank v. Ryan Contracting Co.*, No. 3:07-CV-589 RM, 2008 WL 2002228, at *1 (N.D. Ind. May 5, 2008) (citing Indiana law and collecting cases). Thus, because Indiana law is not more protective than the federal standard, federal law controls the Court's analysis regarding the enforceability of the parties' jury trial waiver. *See In re County of Orange*, 784 F.3d at 531; *Madison Nampa LLC v. Mattress Firm, Inc.*, No. 1:17-CV-00049-SAB, 2017 WL 7550683, at *1 (D. Idaho Mar. 27, 2017) (citing *In re County of Orange* and applying federal standard because Idaho law controlled the contract and "Idaho law is not more protective of the right to a jury trial than is federal law."); *Vintage Farms LLC v. Armed Forces Bank NA*, No. CV-16-04157-PHX-GMS, 2017 WL 2775027, at *2 (D. Ariz. June 27, 2017) (citing *In re County Orange* and reaching same conclusion in the context of Arizona law); *Century 21 Real Estate LLC*, 2012 WL 2682761, at *3 (applying federal standard and distinguishing cases that applied California law to jury trial waiver analysis because those cases included a choice-of-law provision that called for the application of California law); *Siemens Fin. Servs. Inc. v. Seyed H. Shahrokni, M.D., Inc.*, No. SACV120387AGANX, 2012 WL 12888662, at *6 (C.D. Cal. Aug. 31, 2012) (same).

As such, the federal constitutional standard applies, and the enforceability of the parties' jury trial waiver turns on whether Defendant's waiver was knowing, voluntary, and intelligent, which—as discussed below—it certainly was.

### B. Defendant's Jury Trial Waiver Was Knowing, Voluntary, and Intelligent.

Defendant, a sophisticated business entity that was given the opportunity to consult with counsel, knowingly and voluntarily waived its right to a jury trial. Under federal law, "[t]he factors consistently used by courts to determine whether a [jury trial] waiver was knowing, voluntary, and intelligent," and therefore enforceable, include: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." *Century 21 Real Estate* LLC, 2012 WL 2682761, at *3; *In Re Cty. of Orange*, 2014 WL 12603073, at *3 (C.D. Cal. June 10, 2014) (observing same). All of these factors readily establish that Defendant's waiver of its right to a jury trial right was valid and enforceable.

First, there was no disparity in bargaining power between Defendant and Plaintiff. As the Note makes plain, the jury trial waiver applies to both "lender" *and* "borrower." (Smith Decl., at Ex. A, ¶ 23.)

In other words, the jury trial waiver provision applies with equal force to both Plaintiff and Defendant. (*Id.*) To the extent there was any disparity in the bargaining power between the parties, nothing compelled Defendant to accept the terms of the Note as written.  As another court observed in finding a jury trial waiver enforceable on similar facts, "[d]efendant was not in the position of necessitous men. The ability to take out a loan to start up a . . . company is not a necessity of life such that Defendant was compelled to accept Plaintiff's loan on whatever terms it was offered."  *Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1385 (D. Nev. 1994), *aff'd*, 89 F.3d 846 (9th Cir. 1996) (enforcing jury trial waiver in a loan between commercial lender and business entity).  Thus, nothing here calls for the Court to "rescue [Defendant] from a contract (or contract term) [it] entered into knowingly and voluntarily" in order to secure more vehicles for its private business.  *See id.; see also Keller v. Golden Corral Franchising Sys.*, No. CV0703143RGKAJWX, 2010 WL 11519571, at *3 (C.D. Cal. Mar. 19, 2010) (finding jury trial waiver enforceable because "[n]othing in the filings before this Court indicate that the Kellers were forced to sign the Franchise Agreement as it was originally written.").

      Second, Defendant, a sophisticated business entity, and its decision to execute the jury trial waiver was made after being given the opportunity to consult with counsel.  *See Century 21 Real Estate LLC*, 2012 WL 2682761, at *6 (finding waiver was knowing and voluntary because "Century 21 required parties to read the terms of the agreements and to confirm that they had the opportunity to consult an attorney."); *see also Keller v. Golden Corral Franchising Sys.*, No. CV0703143RGKAJWX, 2010 WL 11519571, at *3 (C.D. Cal. Mar. 19, 2010) (finding that the opportunity to counsel with counsel weighed in favor of enforcing a jury trial waiver clause); *and Phoenix Leasing Inc.*, 843 F. Supp. at 1385 (finding jury trial waiver enforceable because the defendant was a sophisticated business entity that was given the opportunity to speak with counsel).  Here, as the Note makes plain, Defendant confirmed that "after consulting with counsel or having had the opportunity to consult with counsel" it elected to proceed with waiving its right to a jury trial.  (Smith Decl., at Ex. A, ¶ 23.)  In light of this admission, Defendant cannot now un-ring the bell and claim that it did not have the necessary sophistication or adequate legal advice to waive its right to a jury trial.  *See Century 21 Real Estate LLC*, No. 2012 WL 2682761, at *6 (interpreting similar language and observing that the failure "to read the contract and hire an attorney were risks that All Professional appears to have freely decided to bear.").

Third, the waiver was more than sufficiently conspicuous, as it had its own numbered section and was clearly labeled WAIVER OF JURY TRIAL with the relevant text in all capital lettering. (*Id.* at Ex. A, ¶ 23.) *See Cty. of Orange*, 2014 WL 12603073, at *4 (C.D. Cal. June 10, 2014) (finding that jury trial was "sufficiently conspicuous, as it appeared in its own numbered section and was clearly labeled 'Waiver of Jury Trial.'"); *Phoenix Leasing Inc.*, 843 F. Supp. at 1384 (observing same); *Century 21 Real Estate LLC*, 2012 WL 2682761, at *5. Consequently, the text and positioning of the jury trial waiver provision gave Defendant ample notice of the jury trial waiver provision.

In light of the foregoing, it is more than apparent that Defendant knowingly, voluntarily, and intelligently executed the jury trial waiver provision contained in the Note.

### C. This Dispute is Within the Scope of Defendant's Jury Trial Waiver.

This dispute, which is a collection action for monies and collateral due under the Note, falls squarely within the text of the Note's jury trial waiver provision. *See Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (holding the plaintiff's claims were within the scope of the jury waiver because the claims arose out of the performance of duties called for by the parties' financing agreement containing the jury waiver); *Hedley Bizctr N. Las Vegas, L.P. v. Merrill Lynch Capital*, No. SACV0800222CJCPJWX, 2008 WL 11342721, at *3 (C.D. Cal. June 3, 2008) (same). The jury trial waiver provision clearly and conspicuously states that Plaintiff and Defendant, "WAIVE ANY RIGHT EITHER PARTY MAY HAVE TO A TRIAL BY JURY ***IN ANY LITIGATION BASED UPON OR ARISING OUT OF THIS NOTE OR ANY OTHER LOAN DOCUMENT***." (Smith Decl., at Ex. A, ¶ 23 (emphasis added).) This action is plainly "based upon" and "arising out" of the Note because it was brought by Plaintiff to enforce its rights under the Note due to Defendant's default. Thus, there can be no dispute that this action falls within the scope of the jury trial waiver provision. *See Okura & Co. (Am.)*, 783 F. Supp. at 491.

### CONCLUSION

Federal law permits parties to contractually waive their federal right to a jury trial. That is exactly what has occurred here. Defendant knowingly, voluntarily, and intelligently waived its right to a jury trial when it executed the Note that is the genesis of this dispute. In signing the jury trial waiver Defendant acknowledged that it had either consulted with counsel or had been given the opportunity to do so. Further,

despite Defendant re-negotiating the terms of the Note multiple times, it never re-negotiated the scope or applicability of the jury trial waiver provision. Thus, Defendant's demand for a jury trial must be stricken.

Dated: June 30, 2020                              GREENBERG TRAURIG, LLP

                                                                  By: /s/ Lupe R. Laguna
                                                                       Kurt A. Kappes
                                                                       Lupe R. Laguna
                                                                       Jonathan K. Ogata
                                                                       Attorneys for Plaintiff
                                                                       NEXTGEAR CAPITAL, INC.

10
MOTION TO STRIKE JURY TRIAL DEMAND