KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>iCarz Inc., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>　　　　Defendant. | CASE NO.  2:20-CV-00851-MCE-CKD<br><br>**APPLICATION FOR A WRIT OF POSSESSION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 64 & CALIFORNIA CODE OF CIVIL PROCEDURE § 512.010**<br><br>Date:　August 20, 2020<br>Time:　2:00 p.m.<br>Dept:　7, 14th Floor |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................................................1

II.  STATEMENT OF FACTS ..............................................................................................1

       A.    Relevant Procedural History ................................................................................1
       B.    Defendant's Obligations Under the Note .............................................................2
       C.    Defendant Grants Plaintiff a Security Interest in Its Entire Vehicle Inventory .......3
       D.    Defendant's SOT Sale of Vehicles Results In It Defaulting On the Note ...............4
       E.    The Declaration of Ari Gorgani Confirms Defendant's SOT Sale of the Vehicles.5

III.  ARGUMENT ...................................................................................................................5

       A.    Legal Standard .....................................................................................................5
       B.    Plaintiff is entitled to a Writ of Possession ..........................................................6

           1.    Defendant's breach of the Note establishes Plaintiff's right to a writ of possession. ..................................................................................................6
           2.    The collateral is being wrongfully detained by Defendant. .........................8
           3.    The description and location of the property sought is readily obtainable from the face of the Note. ............................................................................8
           4.    Plaintiff is not aware of any facts indicating that Defendant's vehicle inventory has been seized. ..........................................................................8
           5.    An undertaking is not required. ...................................................................8

IV.  CONCLUSION ................................................................................................................9

## **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*4Wall Las Vegas, Inc. v. Triebwasser*,
   2:12-cv-2746-KJN, 2013 WL 930620 (E.D. Cal. March 8, 2013) .......................................... 5

*Com. Credit Group Inc. v. AMH Logistics, Inc.*,
   1:19-cv-01081-AWIEPG, 2019 WL 5783479 (E.D. Cal. Nov. 6, 2019) ................................. 5

*Ford Motor Credit Co. v. Sebastopol Ford, Inc.*,
   C 07-01783 JSW, 2007 WL 1545187 (N.D. Cal. May 25, 2007) ......................................... 6

*Just Tacos, Inc. v. Zezulak*,
   CV No. 11-00663-DAE-KSC, 2011 WL 6140866 (D. Haw. Dec. 9, 2011) ........................... 9

*Meyers v. Redwood City*,
   400 F.3d 765 (9th Cir. 2005) .................................................................................................. 7

*Morris CM Enterprises, LLC v. Wingstop Franchising, LLC*,
   2020 WL 42241 (E.D. Cal. Jan. 3, 2020) ............................................................................... 9

**State Statutes**

Cal. Civ. Proc. Code § 512.010 ................................................................................................. 1, 5
Cal. Civ. Proc. Code § 512.010(a) ................................................................................................. 5
Cal. Civ. Proc. Code § 515.010 ..................................................................................................... 9
Cal. Civ. Proc. Code § 515.010(a) ................................................................................................. 9
Cal. Civ. Proc. Code § 515.010(b) ................................................................................................. 9
Cal. Civ. Proc. Code § 512.010(b) ................................................................................................. 6
Cal. Civ. Proc. Code § 512.010(c) ................................................................................................. 6
Cal. Com. Code § 9609 .................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 64 ........................................................................................................................... 5
Fed. R. Civ. P. 64(a) ...................................................................................................................... 5
Fed. R. Civ. P. 65 ........................................................................................................................... 9
Fed. R. Civ. P. 65(c) ...................................................................................................................... 9

**TO DEFENDANT, AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT a hearing on Plaintiff's application for a writ of possession for property described in the application, including attachments, claimed to be wrongfully detained by you will be held at the United States District Court, Eastern District of California, Sacramento division, as follows:

DATE: August 20, 2020

TIME:  2:00 p.m.

DEPT:  7, 14th Floor

The writ of possession will be issued if the court finds that Plaintiff's claim is probably valid and the other requirements for issuing the writ are established. This hearing is not for the purpose of determining whether the claim is actually valid. The determination of the actual validity of the claim will be made in later proceedings in the action and will not be affected by the decision at this hearing on the application for the writ.  It you wish to oppose the issuance of the writ, you must file with this court and serve on the undersigned counsel one or more declarations providing evidence sufficient to defeat the Plaintiff's right to issuance of the writ.  If you fail to oppose the issuance of the writ, the court at the hearing may do the following:

- Order that a writ of possession be issued;
- Order that you or anyone in possession transfer possession of the claimed property to Plaintiff pursuant to California Code of Civil Procedure section 512.070; and
- Grant injunctive or other relief.

If a writ of possession is issued, you may stay the delivery of the property or regain possession of property taken under the writ by filing an undertaking with the court in accordance with California Code of Civil Procedure section 515.020.

This Application is made and based upon the attached Memorandum of Points and Authorities and attached Exhibits, the Affidavit of Eric Brown, and all papers and pleading filed herein, and any oral argument allowed at the time of hearing.

DATED this 14th day of July, 2020.   **GREENBERG TRAURIG, LLP**

 /s/ Lupe R. Laguna
KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

/ /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This Application for a Writ of Possession is filed by Plaintiff NextGear Capital, Inc. ("Plaintiff") to obtain any vehicles that are currently in the possession or control of Defendant iCarz, Inc. ("Defendant"). As detailed below, Plaintiff is a secured creditor entitled to possession of these vehicles pursuant to a Demand Promissory Note and Loan and Security Agreement ("the Note") that Defendant has breached.

On May 1, 2020, this Court granted Plaintiff's Application for Temporary Restraining Order, which was subsequently converted into a preliminary injunction. Pursuant to this Court's order granting Plaintiff's application, Defendant was required to provide a declaration, within seven days of the Court's order, describing the location of each of the 126 vehicles identified in Plaintiff's application. Defendant subsequently provided that declaration, and it confirmed the fears articulated in Plaintiff's TRO application—namely, that Plaintiff has brazenly sold-out-of-trust over $1 million worth of vehicle inventory without payment to Plaintiff. Thus, consistent with the terms of the Note and Plaintiff's rights as a secured creditor, Plaintiff now brings this Application for a Writ of Possession pursuant to California Code of Civil Procedure § 512.010 in order to obtain an order entitling Plaintiff to take possession of whatever vehicles remain in Defendant's possession or control, whether at Defendant's place of business or elsewhere.

## II.   STATEMENT OF FACTS

### A.   Relevant Procedural History

On April 24, 2020, Plaintiff filed a complaint against the Defendant car dealership for breach of contract, seeking, among other things, claim and delivery of the collateral securing Defendant's obligations pursuant to the operative agreement. (Compl., ECF No. 1.) On May 1, 2020, Plaintiff filed an Application for Temporary Restraining Order seeking to enjoin Defendant from moving, transporting, selling, leasing, or transferring title or ownership of any of the vehicles Defendant financed pursuant to the terms of the Note because Plaintiff was informed that Defendant was dissipating the vehicles without payment to Plaintiff, in direct contravention of the Note's provisions. (Application for TRO, ECF No. 5.) Finding that Plaintiff was likely to succeed on the merits of its claims and would face irreparable injury in the absence

of interim relief, the Court granted Plaintiff's application. (TRO Order, ECF No. 6.) Pursuant to the Court's Temporary Restraining Order, Defendant was enjoined from selling, moving, or transporting any of the 126 vehicles identified in Plaintiff's application. (*Id.* at ¶ 3.) Defendant was also required to serve a writing identifying the location of each of the 126 vehicles within seven days of the Court's order. (*Id.* at ¶ 4.)

### B.    Defendant's Obligations Under the Note

Plaintiff is a lender that provides inventory or "floor plan" financing for car dealerships. Defendant iCarz operates a pre-owned car dealership at 3215 Fulton Avenue, Sacramento, CA 95821. (*See* Brown Decl., ¶ 5.) On August 29, 2013, Defendant entered into the Note with Plaintiff. (*Id.* at Ex. A.) Under the terms of the Note, Defendant obtained a floor plan credit line from Plaintiff in the amount of $500,000 "or such greater or lesser sum which may be advanced to or on behalf of [Defendant] from time to time, together with all costs, interest, fees, and expenses." (*Id.*) On or around August 3, 2015, Defendant and Plaintiff entered into an Amendment to the Demand Promissory Note and Loan and Security Agreement under which Defendant's floor plan credit line was increased to $1,000,000. (*Id.* at Ex. B.) Then, on or around April 20, 2016, Defendant and Plaintiff again entered into an Amendment to Demand Promissory Note and Loan and Security Agreement under which Defendant's floor plan credit line was increased to $2,000,000. (*Id.* at Ex. C.) Plaintiff owns and holds the Note and these amendments. To date, there is approximately $1.4 million in outstanding principal owed by Defendant to Plaintiff under the Note. (*Id.* at ¶ 13.)

The most significant risk in floor plan financing is that the dealer borrower will sell the collateral at retail and then wrongfully retain the proceeds that should have been remitted to the floor plan lender. (*Id.* at ¶ 17.) A consumer who purchases an item of inventory in the ordinary course of business takes the vehicle free of the lender's lien. (*Id.*) The floor plan lender's main protection is, therefore, the trust and integrity of the dealer borrower ***to pay off vehicles as they are sold***. (*Id.*) To the extent that the dealer borrower sells a vehicle in its inventory without paying off the outstanding amount owed to the floor plan lender for that vehicle, such an occurrence is known as a "sale out of trust," or "SOT." (*Id.*)

The Note mandates that "[u]pon the sale of any Unit of Lender Financed Inventory, Borrower shall hold the proceeds from such sale in trust for the benefit of Lender, and Borrower shall pay to Lender, in accordance with this Note and the other Loan Documents, an amount equal to the unpaid balance of the Liabilities relating to such Unit of Lender Financed Inventory." (*Id.* at Ex. A, ¶ 5 (o).) These monies are due "within twenty-four (24) hours" of Defendant receiving those funds. (*Id.* at Ex. A, ¶ 4 (f).) Defendant's failure "to perform any of its obligations, undertakings or covenants under [the] Note or under any other Loan Document, including any obligation to repay any Liability when due...[or] obligation to pay upon demand any outstanding Liability under [the] Note" constitutes a default and a breach of the agreement. (*Id.* at Ex. A, ¶ 6(a).)

### C. Defendant Grants Plaintiff a Security Interest in Its Entire Vehicle Inventory

To secure the repayment of all amounts under the Note and all amendments thereto, Defendant granted a security interest to Plaintiff in the right, title, and interest in the following:

> "…all of [Defendant's] assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in [Defendant's] Reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [Defendant]; all cash reserves; all of [Defendant's] books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of [Defendant] in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds of any of the foregoing (collectively, the "Collateral").

(*See* Brown Decl., Ex. A, ¶ 2 (a).) Plaintiff's security interest in the collateral was perfected upon the filing of a UCC Financing Statement Amendment on August 2, 2013. (*See* Brown Decl., Ex. D.) The UCC Financing Statement, as amended by the August 2, 2013, amendment, identifies the collateral as:

> All [Defendant's] assets and properties wherever located, including without limitation all equipment of any nature, all vehicles, vehicle parts and inventory now owned or hereafter acquired, without limitation, purchase money inventory, the purchase of which was financed or floorplanned by NextGear Capital, Inc. for [Defendant] of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts, accounts receivable, chattel

paper, and general intangibles now owned or hereafter acquired by [Defendant] together with the proceeds thereof; all of [Defendant] documents, books and records relating to the foregoing.

(*Id.*)  Thus, under the terms of the Note and the accompanying UCC financing statement, Plaintiff holds a perfected security interest in all of Defendant's assets.  Defendant represented and warranted in the Note that it would "not remove any Lender Financed Inventory from such place for a period exceeding twenty-four (24) hours, unless previously authorized in writing by the lender."  (*Id.* at Ex. A, ¶ 4 (b).)  Defendant further represented and warranted that it "would provide [Plaintiff] and its representatives with full access to all Collateral."  (*Id.* at Ex. A, ¶ 2 (b).)

### D. Defendant's SOT Sale of Vehicles Results In It Defaulting On the Note

Between May 14, 2019, and April 3, 2020, Defendant used the floor plan line of credit, to finance one-hundred twenty-six (126) vehicles with Plaintiff.  Plaintiff made advances totaling the principal amount of $1,444,609.13 relating to these vehicles.  On March 27, 2020, an ACH payment initiated by Defendant in the amount of $41,017.51 was dishonored by Defendant's financial institution because Defendant initiated a "stop payment" order on that payment.  (Brown Decl., ¶ 18.)  The payment was ultimately completed, but the incident led to increased scrutiny of Defendant's account.  This increased scrutiny revealed there were dozens of the 126 vehicles that were not being offered for sale on Defendant's website.  (*Id.* at ¶ 19.)  Concerned that Defendant had sold the vehicles but failed to remit the outstanding monies due under the Note, Plaintiff repeatedly attempted to communicate with Defendant to determine the status of vehicles for which Plaintiff had provided financing but apparently not being offered for sale, but Defendant was either non-responsive or evasive in its response.  (*See id.* at ¶ 20.)

On April 8, 2020, Plaintiff declared Defendant in default of its obligations under the Note for, among other things, suspected SOT vehicles, and Plaintiff initiated a self-help repossession.  (*Id.* at ¶ 21.)  Upon performance of the repossession, Plaintiff determined that at least 13 of the 126 vehicles had been sold out of trust.  Plaintiff was able to determine the 13 vehicles were SOT because consumer financing companies that had financed the purchases contacted Plaintiff demanding the titles to the vehicles.  (*Id.*)  Defendant never paid Plaintiff any of the proceeds from these sales.  (*Id.*)

Another 66 of the vehicles were not on Defendant's premises and were unaccounted for. (*Id*.) Plaintiff demanded that Defendant assemble and deliver the missing vehicles, or account for their whereabouts, but Defendant refused to do either. (*Id*. at ¶ 22.)

### E. The Declaration of Ari Gorgani Confirms Defendant's SOT Sale of the Vehicles

Pursuant to the Court's temporary restraining order dated May 1, 2020, Defendant was ordered to identify the location of each vehicle it purchased with the line of credit under the Note. (See TRO Order, ¶ 4, ECF No. 6.) On May 14, 2020, Defendant served a declaration, signed by Defendant's CEO, Ari Gorgani, listing the location of each vehicle that was outstanding under the Note. Of the dozens of vehicles listed on Mr. Gorgani's declaration, only 7 vehicles are still located at iCarz's salesfloor on 3215 Fulton Ave., Sacramento, California 95821. (Brown Decl., ¶ 24.) Plaintiff additionally has reason to believe that Mr. Gorgani's declaration is false, and that Defendant may be concealing some of its remaining, unsold vehicle inventory at another location not revealed in the declaration. Plaintiff has not received any of the proceeds from the vehicles that Mr. Gorgani admits were sold. Plaintiff has no reason to believe that if Defendant does, in fact, still have possession or control of any vehicle Inventory that Defendant will voluntarily turn such property over to Plaintiff. (*Id.* at ¶ 24.)

## III. ARGUMENT

Given Defendant's default under the Note and Plaintiff's rights as a secured creditor, the Court should issue the requested writ and direct the United States Marshal Service to seize any remaining vehicle inventory in Defendant's possession or control, wherever it may be found, and deliver it to Plaintiff.

### A. Legal Standard

Federal Rule of Civil Procedure 64 states, in pertinent part:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a). "California law provides for the return of property to creditors via a writ of possession" when certain statutory requirements are met. *4Wall Las Vegas, Inc. v. Triebwasser*, 2:12-cv-2746-KJN, 2013 WL 930620 at *3 (E.D. Cal. March 8, 2013) (citing Cal. Civ. Proc. Code § 512.010(a));

*see also Com. Credit Group Inc. v. AMH Logistics, Inc*., 119CV01081AWIEPG, 2019 WL 5783479, at *4 (E.D. Cal. Nov. 6, 2019). The California Code of Civil section 512.010 provides a legal mechanism for a plaintiff to secure claim and delivery of property provided certain statutory requirements are met.  Section 512.010 provides "[u]pon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action was brought." Cal. Civ. Proc. Code § 512.010(a).  Section 512.010 outlines the following requirements:

> **(b)** The application shall be executed under oath and shall include all of the following:
> **(1)** A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.
> **(2)** A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.
> **(3)** A particular description of the property and a statement of its value.
> **(4)** A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.
> **(5)** A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.

Cal. Civ. Proc. Code § 512.010(b).  According to section 512.010(c) the above "requirements of subdivision (b) may be satisfied by one or more affidavits filed with the application." Cal. Civ. Proc. Code § 512.010(c).  Those requirements are readily satisfied, here.

    **B.**    **Plaintiff is entitled to a Writ of Possession**

        **1.**    **Defendant's breach of the Note establishes Plaintiff's right to a writ of possession.**

Defendants' admitted SOT sales of dozens of vehicles establishes Plaintiff's right to a writ of possession. *See Ford Motor Credit Co. v. Sebastopol Ford, Inc*., C 07-01783 JSW, 2007 WL 1545187, at

\*6 (N.D. Cal. May 25, 2007) (granting application for writ of possession because secured floor plan lender "established the probable validity of its claim to possession of the property at issue" due to the defendant's SOT sale of vehicles).

Defendant has clearly breached the Note. The Note mandates that "[u]pon the sale of any Unit of Lender Financed Inventory, Borrower shall hold the proceeds from such sale in trust for the benefit of Lender, and Borrower shall pay to Lender, in accordance with this Note and the other Loan Documents, an amount equal to the unpaid balance of the Liabilities relating to such Unit of Lender Financed Inventory." (Brown Decl., Ex. A, ¶ 5 (o).) These monies are due "within twenty-four (24) hours" of iCarz receiving those funds. (*Id.* at Ex. A, ¶ 4 (f).) Separately, in the Note Defendant agreed that it would "not remove any Lender Financed Inventory from such place for a period exceeding twenty-four (24) hours, unless previously authorized in writing by the lender." (*Id.* at Ex. A, ¶ 4 (b).) Mr. Gorgani's declaration readily establishes that the vast majority of the vehicles Defendant obtained under the Note's terms between May 2019 and April 2020 were sold out of trust. According to Mr. Gorgani's declaration, only 7 of the 126 vehicles at issue are still in iCarz's possession. (*Id.* at Ex. F.) Defendant has not provided Plaintiff with any payment for the sold vehicles and thus has indisputably breached the Note. (*See id*. at ¶ 24.)

Given Defendant's breach, Plaintiff has a right to immediate possession of every vehicle within iCarz's possession or control. Specifically, the Note provides that upon Defendant's default:

> Lender shall have all rights and remedies available hereunder and under the other Loan Documents, and all rights and remedies available to Lender at law or in equity, including the rights and remedies of a secured party under the UCC. These rights and remedies include the right to cancel any unfunded Advances; to enter into Borrower's premises with or without legal process, but without force, ***and to take possession of and remove any Collateral***; and to notify any account debtors or other Person obligated on Collateral to make payment or otherwise render performance to or for the benefit of Lender.

(*Id.* at Ex. A, ¶ 7 (a).)[1] The Note defines the "collateral" as, among other things, "all vehicles and vehicle parts" and "all Inventory now owned or hereafter acquired." (*Id.* at Ex. A, ¶ 2 (a).) Plaintiff's security

---

[1] Plaintiff recognizes that both the terms of the Note and California law authorize Plaintiff to engage in a self-help repossession. *See Meyers v. Redwood City*, 400 F.3d 765, 767 (9th Cir. 2005) (interpreting California law and observing that, "'The California Commercial Code provides a right of repossession for secured creditors. Section 9609 states that "[a]fter default, a secured party may ... [t]ake possession of the collateral ... [w]ithout judicial process, if it proceeds without breach of the peace.'" But given the pending

interest in the collateral was perfected upon the filing of a UCC Financing Statement Amendment on August 2, 2013. (*Id.* at Ex. D.) Thus, Defendant's breach of the Note establishes the basis for Plaintiff's claim that it is entitled to a writ of possession.

### 2. The collateral is being wrongfully detained by Defendant.

Under the terms of the Note and the accompanying UCC financing statement, Plaintiff holds a perfected security interest in all of Defendant's assets. (Brown Decl., Exs. A – D.) Because Defendant breached the terms of the Note, Plaintiff is entitled to claim its perfected security interest in all of Defendant's assets—including every motor vehicle within Defendant's possession or control. (*See id.*) By failing to make available the listed vehicles, Defendant is wrongfully detaining these vehicles in contravention of Plaintiff's rights to possession. (*See id*. at ¶¶ 20 – 24.)

### 3. The description and location of the property sought is readily obtainable from the face of the Note.

The description of property to be sought is readily obtainable from face the Note. (*Id.* at Ex. A, ¶ 7 (a).) Specifically, Plaintiff seeks a writ of possession of all the motor vehicle inventory that remains in the possession or control of Defendant, as it is entitled to do under the terms of the Note. (*Id.*) The value of the collateral Plaintiff seeks to recover is, at most, $1,444,609.13. (*Id.* at ¶ 13.) The vehicles sought are located at Defendant's business address, 3215 Fulton Ave., Sacramento, California, and some vehicles may be stored at one or more additional locations as well. (*Id.* at ¶¶ 5, 24.) Mr. Gorgani's declaration further confirms that these locations have at least some vehicles still present. (*Id.* at Ex. F.)

### 4. Plaintiff is not aware of any facts indicating that Defendant's vehicle inventory has been seized.

Plaintiff is not aware of any facts indicating that any of iCarz's inventory has been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of Plaintiff. (*Id.* at ¶ 25.)

### 5. An undertaking is not required.

The Court should not require Plaintiff to post an undertaking. Section 515.010 provides that a writ

---

action, Plaintiff believed it was appropriate to obtain the Court's approval before exercising its rights under the Note.

may not issue unless the plaintiff posts an undertaking "not less than twice the value of the defendant's interest in the property or in a greater amount." Cal. Civ. Proc. Code § 515.010 (a). But, much like Federal Rule of Civil Procedure 65(c), it also provides that if the "court finds that the defendant has no interest in the property, the court shall waive the requirement of the plaintiff's undertaking." Cal. Civ. Proc. Code § 515.010 (b). Here, there is no risk of injury to Defendant because, as the defaulting party, it has an obligation to turn the vehicles over to Plaintiff.

In any event, Defendant has waived any right to a bond or undertaking. The Note has a bond waiver provision stating that:

> WAIVER OF BOND: BORROWER WAVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY BOND OR SURETY OR SECURITY ON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF LENDER DURING ATTEMPTS TO RECOVER COLLATERAL OR OTHERWISE.

(Brown Decl. Ex. A., ¶ 25.) Other courts in this circuit have repeatedly found such provisions enforceable. *Morris CM Enterprises, LLC v. Wingstop Franchising, LLC*, 2020 WL 42241, at *6 (E.D. Cal. Jan. 3, 2020) (waiving bond requirement because of bond waiver provision); *Just Tacos, Inc. v. Zezulak*, 2011 WL 6140866, at *11 (D. Haw. Dec. 9, 2011) ("Defendants have plainly waived any bond posting requirement for injunctive relief"). Indeed, this Court previously concluded the waiver provision was enforceable as to the Rule 65 bond requirement, thus it should apply with equal force to an analogous provision of the California Code of Civil Procedure. (*See* TRO Order at ¶ 5 (Court finding that, "Due to the nature of the issues presented by this action, and Defendant's executed waiver of any applicable bond requirement, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).")). Thus, the Court should not require Plaintiff to post an undertaking.

**IV.   CONCLUSION**

Plaintiff has a right to take possession of Defendant's vehicle inventory. Having satisfied the requirements under California Code of Civil Procedure section 512.010, Plaintiff respectfully request the Court grant Plaintiff's Application for a Writ of Possession as to the remaining motor vehicle inventory in Defendant's possession.

Dated: July 14, 2020

GREENBERG TRAURIG, LLP

By: /s/ Lupe R. Laguna
Kurt A. Kappes
Lupe R. Laguna
Jonathan K. Ogata
Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.