ROGERS JOSEPH O'DONNELL
John G. Heller (SBN. 129901)
jheller@rjo.com
Lauren Kramer Sujeeth (SBN 259821)
lsujeeth@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
ICARZ INC., d/b/a LENDING CLUB
AUTO d/b/a LATINOS AUTO CENTER,
California Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>iCarz Inc., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-00851-MCE-CKD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S JURY TRIAL DEMAND**<br><br>Date:　　August 6, 2020<br>Time:　　10:00 a.m.<br>Dept.:　　Courtroom 7, 14th Floor<br><br>Judge Morrison C. England |

## I.　　INTRODUCTION AND PROCEDURAL BACKGROUND

　　　　In this action, NextGear Capital, a Delaware corporation with its headquarters in Indiana, sues iCarz, Inc., a California corporation that operated in the Sacramento area. NextGear seeks roughly $1.4 million under a promissory note based on iCarz's alleged failure to make loan payments during the initial phase of the COVID-19 pandemic shutdown, a period during which the used car sales industry suffered a crushing financial blow.

　　　　In this motion, NextGear moves to strike iCarz's jury trial demand, relying on a contractual jury trial waiver and purported choice-of-law provision mandating application of the law of Indiana law, NextGear's home state. Plaintiff's motion must be denied. Under the California choice-of-law rules, which apply in this diversity action, NextGear had the

burden of proving that Indiana has a substantial relationship to the parties or the contract, or there was some other reasonable basis for the choice of Indiana law.  Having failed to offer any evidence or argument on these points, NextGear failed to meet its burden,

And even if NextGear had attempted to meet this burden, it would have been to no avail.  California has a strong public policy favoring entitlement to jury trials, and an equally strong public policy against the very type of pre-dispute jury waiver that Next Gear seeks to invoke.  It similarly has a heightened interest in extending the benefit of these public policies to a California resident sued in California by an out-of-state plaintiff.  The waiver NextGear seeks to apply is therefore unenforceable, and the motion to strike should be denied.

## II. ARGUMENT

### A. NextGear has failed to meet its burden of establishing that the contract's choice of law provision can be enforced to divest a California defendant of its inviolate right to a jury trial.

Under the California Constitution, "[t]rial by jury is an inviolate right and shall be secured to all…" Cal. Const. art. I, § 16.  Exercising the exclusive power vested by the Constitution to determine the circumstances under which a jury trial may be waived, the California Legislature has decided that a jury trial may be waived *only* in one of the manners specified in Code of Civil Procedure section 631(f).  Any purported waiver that does not meet the criteria of section 631(f) is unenforceable. *Grafton Partners L.P. v. Sup.Ct.,* 36 Cal. 4th 944, 952-956 (2005).

A pre-dispute contractual waiver clause is not one of the permissible grounds enumerated in section 613(f).  Instead, "California law holds, as a matter of public policy, that a litigant cannot waive its right to a jury trial by entering into a contract that contains a pre-dispute jury trial waiver clause." *In re Cty. of Orange,* 784 F.3d 520, 532 (9th Cir. 2015).  "This rule is more protective of the right to a jury trial than the federal 'knowing and voluntary' standard." *Id.*  "For that reason, district courts sitting in diversity must apply California's rule on pre-dispute jury trial waivers to contracts governed by California law." *Id.*

NextGear argues that a different result should apply here, relying on a contract provision purporting to specify that Indiana law governs "the validity, enforceability, and interpretation" of the Note and related loan documents. (Smith Decl., Ex. A, ¶ 20) But "[w]hen sitting in diversity, [federal courts] apply the choice-of-law rules of the forum state." *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012). And under California choice-of-law rules, there are two important qualifications before such a contractual choice-of-law clause will be enforced. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 479 (1992). "First, the chosen state must bear some substantial relationship to the parties or the contract, or there must be some other reasonable basis for the parties' choice." *Id.* "The proponent of the choice-of-law provision bears the burden" of proving that these requirements have been met. *Gustafson v. BAD Home Loans Servicing,* LP, 294 F.R.D. 529, 537 (C.D. Cal. 2013) (citing *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 916 (2001)). Second, even where the proponent meets its threshold burden, the choice-of-law provision will not be enforced if "the other side can establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue.'" *Id.* (quoting *Wash. Mut. Bank,* 24 Cal. 4th at 917).

As the proponent of the Indiana choice-of-law clause, NextGear bore the burden in its motion of proving the threshold requirement set forth in *Nedlloyd* has been met. But it has not even mentioned the requirement or its elements, and has therefore failed to meet its burden. *Gustafson*, 294 F.R.D. at 537.

    **B.**    **Even had it sought to meet its burden, NextGear still could not meet its burden in establishing that the Indiana choice-of-law provision is controlling given California's strong public policy against jury trial waivers.**

Another fatal defect in NextGear's motion lies in the second prong of the choice-of-law analysis. California has unequivocally stressed that ensuring a party's right to jury trial is a public policy of the highest importance. That right is described as "inviolate" in the Constitution and in the Code of Civil Procedure. And similarly well-established is the fact that California prohibits pre-dispute jury trial waivers "as a matter of public policy," as

Page 3

the Ninth Circuit has confirmed. *Cty. of Orange,* 784 F.3d at 532.

And California has a "materially greater interest in the determination" of this issue. *Gustafson* 294 F.R.D. at 537. This case involves an out-of-state plaintiff suing a California corporation in a California federal court, seeking to import the more lenient jury waiver rules in its home state. NextGear opted against invoking the provision in the Note that purported to authorize resolution of this type of dispute in Indiana courts (Smith Decl., Ex. A, ¶ 21), and instead brought suit in California with full knowledge of California's public policy prohibition of pre-dispute jury waivers. And this is the classic scenario in which California has an interest in enforcing its public policy: protect the entitlement of a California resident to a jury trial where sued by an out-of-state plaintiff, and ensure that its public policy against pre-dispute waivers is applied in a lawsuit brought in California that arises from conduct occurring within the state.

By contrast, there is no evidence that Indiana treats its more lenient approach to jury trial waivers as a matter of fundamental public policy. And Indiana has, at most, a negligible interest in ensuring that its lenient approach is applied in favor of a company that is incorporated in Delaware, and in a lawsuit thousands of miles away.

Thus, because the law NextGear seeks to invoke "is contrary to a fundamental policy of California and [since] California has a materially greater interest in the determination of the particular issue," *Gustafson* 294 F.R.D. at 537, the choice-of-law provision and the corresponding jury trial waiver that NextGear seeks to invoke is unenforceable.

### III. CONCLUSION

For the foregoing reasons, NextGear's motion to strike iCarz's jury trial demand should be denied.

Dated: July 29, 2020                    ROGERS JOSEPH O'DONNELL

                                        /s/ *John G. Heller*
                                    By: _____
                                        JOHN G. HELLER
                                        Attorneys for Defendant iCarz, Inc.

# PROOF OF SERVICE
## [FRCivP 5(b)]

I, Tamora Horen, state:  My business address is 311 California Street, 10th Floor, San Francisco, CA 94104.  I am employed in the City and County of San Francisco.  This service was effected from Pacifica, California.

I hereby certify that on July 29, 2020 I electronically filed the foregoing document with the United States District Court, Eastern District of California by using the CM/ECF system.

**DEFENDANT'S OPPOSITION TO MOTION TO STRIKE ICARZ'S DEMAND FOR TRIAL BY JURY**

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

**NAMES AND ADDRESSES OF PARTIES SERVED:**
<u>COUNSEL for NEXTGEAR</u>
Kurt A. Kappes
Lupe R. Laguna
Jonathan K. Ogata
GREENBERG TAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Pacifica, California.

Dated:  July 29, 2020                                 */s/ Tamora Horen*
                                                              Tamora Horen