```
KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com
```

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ICARZ INC., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>    Defendant. | CASE NO.  2:20-CV-00851-MCE-CKD<br><br>**PLAINTIFF NEXTGEAR CAPITAL, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE ICARZ INC.'S JURY TRIAL DEMAND** |

## INTRODUCTION

In its opposition to Plaintiff's motion to strike iCarz's, Inc.'s jury trial demand, Defendant does not address, must less dispute, the well-settled rule "that the right to a jury trial in the federal courts is to be determined *as a matter of federal law in diversity as well as other actions*." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (emphasis added). In the face of the overwhelming authority finding that jury trial waivers are valid and enforceable under federal law, Defendant offers a strawman argument, claiming that "NextGear failed to meet its burden, [sic]" because Plaintiff did not establish that Indiana law controls the question of whether the jury trial waiver is valid and enforceable. (Opp., 2, ECF No. 29.) As is made clear in binding case law and throughout Plaintiff's motion, neither Indiana or California law controls here. Rather, "*federal law governs whether a party is entitled to a jury trial and, if so, on what issues*." *Granite State Ins. Co. v. Smart Modular Techs*., 76 F.3d 1023, 1026-27 (9th Cir.1996) (emphasis added). Because Defendant misstates the applicable law and does not attempt to grapple with the correct federal standard for determining the enforceability of jury trial waivers, Defendant's jury trial demand should be stricken.

## ARGUMENT

**I.  DEFENDANT MISSTATES THE LAW BECAUSE FEDERAL LAW, NOT STATE LAW, CONTROLS THE ENFORCEABILITY OF DEFENDANT'S JURY TRIAL WAIVER.**

Federal law controls the question of whether Defendant's jury trial waiver is valid and enforceable. As the Supreme Court has squarely held, whether a plaintiff is entitled to a jury trial in federal court is determined by federal law, even where, as here, the Court is applying substantive state law in a diversity action. *Simler v. Conner*, 372 U.S. at 222; *Granite State Ins.*, 76 F.3d 1023, 1026-27. This is because, as the Supreme Court instructed in *Simley*, "[o]nly through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment." *Simler*, 372 U.S. at 222.

Eliding the applicability of federal law to Defendant's jury trial waiver, Defendant cites to the California Supreme Court's decision in *Grafton Partners v. Superior Court*, 36 Cal. 4th 944, 969 (2005) which held that, as a matter of **California state law,** pre-dispute jury trial waivers were unenforceable. But in reaching that conclusion, the California Supreme Court recognized that its decision would have no impact on federal practice. Specifically, Justice Chin observed, "[a]s a practical matter, ***in a diversity***

1

REPLY ISO MOTION TO STRIKE JURY TRIAL DEMAND

*action, a federal court will routinely enforce a knowing and voluntary predispute jury waiver as a matter of federal law*." *Grafton Partners*, 36 Cal. 4th at 969 (Justice Chin, Concurring). As the California Supreme Court predicted, "California district courts post-*Grafton Partners* have still enforced jury waivers in diversity cases." *Home Savings of America v. FTI Consulting, Inc*., No. 11CV2641-IEG (RBB), 2012 WL 13175961, at *4 (S.D. Cal. Feb. 1, 2012) (collecting authority and observing that "by filing the present action in federal district court, Plaintiff has chosen a forum where jury trial waivers are enforceable."); *see also Cty. of Orange v. Tata Consultancy Servs. Ltd*., 2014 WL 12603073, at *2 (C.D. Cal. June 10, 2014) (applying federal law to the question of whether the party had the right to a jury trial and finding contractual waiver enforceable); *Applied Elastomerics, Inc. v. Z-Man Fishing Prod., Inc*., 521 F. Supp. 2d 1031, 1044 (N.D. Cal. 2007) (observing that "the right to a jury trial in federal court is governed by federal law" and finding jury trial waiver enforceable).

Defendant's argument that state law controls the enforceability of the parties' jury trial waiver provision has been explicitly rejected by California district courts and the Ninth Circuit. For example, in *Home Savings of America,* the district explicitly considered (and rejected) the argument that "state law, not federal law, governs the enforceability of jury waivers in diversity cases." *Home Savings of America*, 2012 WL 13175961, at *4. In rejecting the plaintiff's argument that state law should control, the district court acknowledged that the California Supreme Court's decision in *Grafton* had no impact on federal diversity practice. *Id.* Thus, in "accordance with . . . Supreme Court and Ninth Circuit precedent, which is binding on this Court," the court applied federal law and found the jury trial waiver enforceable. *Id*. (citing *Simler*, 372 U.S. at 222; *Granite States*, 76 F.3d at 1026-27; *Adams v. Johns-Manville Corp*., 876 F.2d 702, 709 (9th Cir. 1989)). Similarly, the Ninth Circuit in *Granite States* held that "in a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues." *Granite State Ins. Co*., 76 F.3d at 1026–27; *see also Adams v. Johns-Manville Corp*., 876 F.2d 702, 709 (9th Cir. 1989) ("In a diversity action, the parties' entitlement to a jury trial is determined by federal law.").

As such, the federal constitutional standard applies, and the enforceability of the parties' jury trial waiver turns on whether Defendant's waiver was knowing, voluntary, and intelligent, which—as Defendant effectively concedes—it was.

## II. ICARZ DOES NOT DISPUTE THAT ITS JURY TRIAL WAIVER WAS KNOWING, VOLUNTARY, AND INTELLIGENT.

In its opposition, Defendant does not dispute that it knowingly and voluntarily waived its right to a jury trial. Under federal law, "[t]he factors consistently used by the courts to determine whether a [jury trial] waiver was knowing, voluntary, and intelligent," and therefore enforceable, include: "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." *Century 21 Real Estate LLC*, 2012 WL 2682761, at *3; *In Re Cty. Of Orange*, 2014 WL 12603073, at *3 (C.D. Cal. June 10, 2014) (observing same). As discussed in Plaintiff's opening brief, all of these factors readily establish that Defendant's waiver of its right to a jury trial right was valid and enforceable. (*See* Mot, 7-9, ECF No. 20.)

Defendant's failure to even generally address the applicable federal test in its opposition, much less offer any facts that could indicate its waiver was unknowing, is tantamount to conceding the enforceability of its jury trial waiver. *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013) (holding that argument was conceded where the defendant failed to address it in its opposition); *In re Online DVD Rental Antitrust Litig.*, 2011 WL 5883772, at *12 (N.D. Cal. Nov. 23, 2011) (holding that, absent unusual circumstances, failure to respond to argument is "viewed as grounds for waiver or concession of the argument"). Thus, Defendant cannot, and does not, dispute that it knowingly, voluntarily, and intelligently executed the jury trial waiver provision.

## III. ICARZ DOES NOT DISPUTE THAT THIS LITIGATION IS WITHIN THE SCOPE OF THE JURY TRIAL WAIVER.

This dispute, which is a collection action for monies and collateral due under the Note, falls squarely within the text of the Note's jury trial waiver provision. *See Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (holding the plaintiff's claims were within the scope of the jury waiver because the claims arose out of the performance of duties called for by the parties' financing agreement containing the jury waiver); *Hedley Bizctr N. Las Vegas, L.P. v. Merrill Lynch Capital*, No. SACV0800222CJCPJWX, 2008 WL 11342721, at *3 (C.D. Cal. June 3, 2008) (same). This action is

plainly "based upon" and "arising out" of the Note because it was brought by Plaintiff to enforce its rights under the Note due to Defendant's default. Thus, there can be no dispute that this action falls within the scope of the jury trial waiver provision. *See Okura & Co. (Am.)*, 783 F. Supp. at 491. Defendant does not dispute that this litigation is within the scope of the jury trial waiver, and thus effectively concedes its application.

## CONCLUSION

Under binding Supreme Court and Ninth Circuit precedent, Federal law controls the question of whether a party waived its right to a federal right to a jury trial. The California Supreme Court's decision in *Grafton*—which recognized its ruling would be inapplicable in federal diversity proceedings—has no application here. It is also undisputed that Defendant knowingly, voluntarily, and intelligently waived its right to a jury trial when it executed the Note that is the genesis of this litigation. In signing the jury trial waiver Defendant acknowledged that it had either consulted with counsel or had been given the opportunity to do so. Further, despite Defendant re-negotiating the terms of the Note multiple times, it never re-negotiated the scope or applicability of the jury trial waiver provision. Defendant does not dispute these points, and accordingly Defendant's demand for a jury trial must be stricken.

Dated: August 6, 2020                             GREENBERG TRAURIG, LLP

                                                  By: /s/ Lupe R. Laguna
                                                      Kurt A. Kappes
                                                      Lupe R. Laguna
                                                      Jonathan K. Ogata
                                                      Attorneys for Plaintiff
                                                      NEXTGEAR CAPITAL, INC.