ROGERS JOSEPH O'DONNELL
John G. Heller (SBN. 129901)
jheller@rjo.com
Lauren Kramer Sujeeth (SBN 259821)
lsujeeth@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Defendant
ICARZ INC., d/b/a LENDING CLUB
AUTO d/b/a LATINOS AUTO CENTER,
California Corporation

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>iCarz Inc., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, a California Corporation,<br><br>                    Defendant. | Case No. 2:20-cv-00851-MCE-CKD<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION**<br><br>Date:     August 20, 2020<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 7, 14th Floor<br><br>Judge Morrison C. England |

## I.    INTRODUCTION

In this action, NextGear Capital seeks roughly $1.4 million from iCarz based on iCarz's alleged failure to make loan payments during the initial phase of the COVID-19 pandemic shutdown—a period during which the used car sales industry suffered a crushing financial blow, and one that coincided with the decision of iCarz's principal to shelter in place following the urgent hospitalization of his son.

In this application, NextGear seeks a writ of possession of each and every "vehicle inventory" that iCarz "possesses or controls."  The application should be rejected. NextGear has not complied with the statute requiring that it state the value of the property it

asks to be seized, nor with the one requiring that it identify such property with particularity. And because the alleged security interest encompasses only those vehicles that iCarz *owned* at the time or later acquired, NextGear's request for a writ encompassing any of the vehicles that iCarz currently *possesses* or *controls* is devoid of contractual support.

## II.  GOVERNING LAW

Federal Rule of Civil Procedure 64 provides, in pertinent part: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.  Here, Plaintiff seeks a writ of possession pursuant to California Code of Civil Procedure section 512.010, which provides that "[u]pon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought." Cal. Civ. Proc. Code § 512.010(a).  A writ of possession constitutes a provisional remedy, and is, "by its nature, temporary; title and right to possession are determined by the final judgment."  *Precise Aerospace Mfg., Inc. v. MAG Aerospace Indus., LLC*, No. 2:17-cv-01239-RGK-AJW, 2018 WL 3390154, at *3 (C.D. Cal. Jan. 10, 2018).

## III.  ARGUMENT

### A.  NextGear Has Failed to Meet its Burden of Providing a Statement of the Value of the Property Claimed.

Under section 512.010(a), an application for writ of possession must include, among other things, "a particular description of the property and a statement of its value." Code Civ. Pro. § 512.010(a)(3).  NextGear's application is fatally defective because it contains no valuation of the property at issue.

The declaration of Eric Brown does not satisfy the statutory valuation requirement.  First, the "receivable detail" attached as Exhibit E to his declaration lists, for each vehicle financed by NextGear, the "original amount advanced by NextGear" and the "principal balance" owed.  (Brown decl., ¶¶ 14-16)  But these are the details of the loan.

They do not represent the *value* of the property NextGear proposes to attach, nor does Brown suggest that they do.

Second, this "receivable detail" is limited to those vehicles that, per Brown's declaration, "were financed" by NextGear.  But NextGear's proposed writ of attachment is not limited to these financed vehicles.  It seeks a writ of possession as to "any vehicle inventory remaining in Defendant's possession or control," whether or not financed by NextGear.  (Proposed order, ¶ 2)  NextGear makes no attempt to offer any statement of value as to the additional vehicles encompassed by their proposed writ.  It has therefore failed to comply with a critical requirement of the statute.

### B. NextGear Has Failed to Meet its Burden of Providing a "Particular" Description of the Property Claimed.

Section 512.010(a) requires not only a valuation, but a "particular description of the property" claimed.  NextGear proposes an order authorizing the United State Marshal to seize "any vehicle inventory remaining in Defendant's possession or control."  But other than those vehicles for which it supplied financing, NextGear provides no description of all the other property it proposes to be subject to the draft writ of possession.  It has thus failed describe the property with "particular[ity]," as the law requires.

### C. NextGear's Requested Writ Exceeds the Scope of the Security Interest.

NextGear seeks a writ of possession encompassing any "vehicle inventory" presently within in iCarz's "possession or control." (Application at 1:16-17; Proposed order at ¶2).  But the security interest upon which it relies is narrower.  Even assuming that the Note is valid and enforceable, the security interest extends only to "Inventory now owned or hereafter acquired." (Brown decl., Ex A, ¶ 2(a)).

The principles of "possession" and "control" are distinct from "ownership" and "acquisition."  *See* Cal. Civ. Code § 654.  iCarz could possess or control a vehicle without owning or having acquired it.  The writ therefore seeks to cover property for which there is no support in the security agreement.  NextGear has thus failed to demonstrate a contractual

basis for its requested provisional relief.[1]

### D. NextGear's Request to Proceed without an Undertaking Should Be Rejected.

In the event that a writ is issued notwithstanding the fatal defects in NextGear's application, the bond requirement should not be waived. NextGear's failure to properly identify or value the property at issue, and its attempt to stretch the writ beyond that to which it is contractually entitled, runs the risk the vehicles will be improperly seized. It is this contingency, and the damages that flow from the impropriety, that an undertaking is intended to address.

## IV. CONCLUSION

For the reasons above, the application should be denied.

Dated: August 10, 2020                    ROGERS JOSEPH O'DONNELL

                                          /s/ *John G. Heller*
                                      By: _____
                                          JOHN G. HELLER
                                          Attorneys for Defendant iCarz, Inc.

---

[1] Other provisions of the security interest encompassing "all of Borrower's assets and properties" provide no support for NextGear's application, since a commercially reasonable interpretation of such provision is that it, too, is referring to ownership, not simply possession or control.

## PROOF OF SERVICE
**[FRCivP 5(b)]**

I, Tamora Horen, state:  My business address is 311 California Street, 10th Floor, San Francisco, CA 94104.  I am employed in the City and County of San Francisco.  This service was effected from Pacifica, California.

I hereby certify that on August 10, 2020 I electronically filed the foregoing document with the United States District Court, Eastern District of California by using the CM/ECF system.

**DEFENDANT'S OPPOSITION TO APPLICATION FOR WRIT OF POSSESSION**

I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

**NAMES AND ADDRESSES OF PARTIES SERVED:**
<u>COUNSEL for NEXTGEAR</u>
Kurt A. Kappes
Lupe R. Laguna
Jonathan K. Ogata
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Pacifica, California.

Dated:  August 10, 2020         */s/ Tamora M. Horen*
                                Tamora Horen