KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>iCarz Inc., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, California Corporation,<br><br>    Defendant. | CASE NO. 2:20-cv-00851-MCE-CKD<br><br>**ORDER GRANTING PLAINTIFF NEXTGEAR CAPITAL, INC.'S MOTION TO STRIKE ICARZ INC.'S JURY TRIAL DEMAND**<br><br>Date:    August 6, 2020<br>Time:    2:00 p.m.<br>Courtroom:  7, 14th Floor |

The Court, having considered Plaintiff's Motion to Strike iCarz Inc.'s Jury Trial Demand (ECF No. 20), Defendant's Opposition (ECF No. 29), and Plaintiff's Reply (ECF No. 31), hereby GRANTS Plaintiff's Motion.

**THE COURT HEREBY FINDS THAT**:

Federal law controls the question of whether Defendant's jury trial waiver is valid and enforceable. *Granite State Ins. Co. v. Smart Modular Techs.*, 76 F.3d 1023, 1026-27 (9th Cir. 1996) ("federal law governs whether a party is entitled to a jury trial and if so, on what issues"). Under federal law, the factors consistently used by courts to determine whether a jury trial waiver was knowing, voluntary, and

1

intelligent, and therefore enforceable, include: (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous. *Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, No. 2:10-2751 WBS GGH, 2012 WL 2682761, at *2 (E.D. Cal. July 6, 2012).

Defendant knowingly, voluntarily, and intelligently waived its right to a jury trial when it executed the Note that is the genesis of this dispute.  In signing the jury trial waiver Defendant acknowledged that it had either consulted with counsel or had been given the opportunity to do so.  Further, despite Defendant re-negotiating the terms of the Note multiple times, it never re-negotiated the scope or applicability of the jury trial waiver provision.  Defendant does not dispute any of these points in its opposition; instead, Defendant argues that state law should control whether the jury trial waiver is enforceable.  But, as the Supreme Court has squarely held, whether a party is entitled to a jury trial in federal court is determined by federal law, even where, as here, the Court is applying substantive state law in a diversity action. *See Simler v. Conner*, 372 U.S. 221, 222 (1963) (holding "that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions.").

Accordingly, Defendant's demand for a jury trial is stricken.

IT IS SO ORDERED.

Dated:  August 17, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE