1 | KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
2 | JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
3 | 1201 K Street, Suite 1100
Sacramento, CA  95814-3938
4 | Telephone: (916) 442-1111
Facsimile: (916) 448-1709
5 | kappesk@gtlaw.com
lagunal@gtlaw.com
6 | ogataj@gtlaw.com

7 | *Counsel for Plaintiff NextGear*
*Capital, Inc.*
8 |

9 |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation, | ) |
| | ) |
| Plaintiff, | ) CASE NO.  2:20-CV-00851-MCE-CKD |
| | ) |
| v. | ) **DECLARATION OF ERIC BROWN IN** |
| | ) **SUPPORT OF NEXTGEAR CAPITAL, INC.'S** |
| ICARZ, INC., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, California Corporation, | ) **MOTION FOR ENTRY OF DEFAULT AND** |
| | ) **DEFAULT JUDGMENT AGAINST** |
| | ) **DEFENDANT ICARZ, INC.** |
| | ) |
| | ) Date:  December 3, 2020 |
| Defendant. | ) Time:  2:00 p.m. |
| | ) Courtroom: 7, 14th Floor |
| | ) |
| | ) |

I, Eric Brown, declare and state:

    1.    I am employed by NextGear Capital, Inc. ("NextGear Capital"), the Plaintiff in the above captioned case, as a Senior Manager of Risk and Recovery.  I make this declaration on my personal knowledge and, if called as a witness, I would testify competently to the matters stated herein.

    2.    My duties include attempting to collect upon delinquent accounts and managing others doing the same.

    3.    I am familiar with the manner and procedures by which the records, letters and memoranda

1

1 contained in NextGear Capital's files are prepared and maintained. Those records, letters and memoranda

2 are prepared by agents or employees of NextGear Capital in performance of their regular business duties.

3 Those records, letters and memoranda are made either by persons with knowledge of the matters they

4 record or from information supplied by persons with such knowledge. It is NextGear Capital's regular

5 business practice to maintain such records, letters or memoranda in the course of its business.  The

6 documents herein contained and referenced are business records produced and maintained in this above

7 described manner. I relied on these documents in setting forth the statements in this declaration.

8        4.      NextGear Capital is a lender that focuses on, but is not limited to, inventory or floorplan

9 financing for car dealerships.

10       5.      Defendant iCarz, Inc. ("iCarz") owns a car dealership located at 3215 Fulton Ave.

11 Sacramento, California, 95821 ("the dealership").

12       6.      On August 29, 2013, NextGear Capital and iCarz entered into a Demand Promissory Note

13 and Loan and Security Agreement (the "Note"). A true and correct copy of the Note is attached hereto as

14 **Exhibit A**.

15       7.      On or around August 3, 2015, iCarz and NextGear Capital entered into an Amendment to

16 Demand Promissory Note and Loan and Security Agreement under which iCarz's floorplan credit line was

17 increased to $1,000,000. A true and correct copy of the first Amendment to the Note is attached hereto as

18 **Exhibit B**.

19       8.      On April 16, 2016, NextGear Capital and iCarz into a second Amendment to Demand

20 Promissory Note and Loan and Security Agreement under which iCarz's floorplan credit line was increased

21 to $2,000,000. A true and correct copy of the second amendment to the Note is attached hereto as **Exhibit**

22 **C**.

23       9.      To secure the repayment of any credit advanced, iCarz granted a security interest to

24 NextGear Capital in virtually all of its business assets, including, but not limited to, its entire vehicle

25 inventory.

26       10.     Specifically, under the Note, iCarz granted NextGear a security interest as follows:

27          ...all of [iCarz Auto's] assets and properties, wherever located, including,
28          without limitation, all equipment of any kind or nature; all vehicles and vehicle

2

DECLARATION OF ERIC BROWN IN SUPPORT OF NEXTGEAR CAPITAL, INC.'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in [iCarz]'s Reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [iCarz]; all cash reserves; all of [iCarz]'s books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of [iCarz] in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds of any of the foregoing (collectively, the "Collateral").

Exhibit A, ¶ 2 (a).

11.     NextGear Capital perfected its security interest in the Collateral by filing a UCC-1 financing statement and subsequent amendments thereto. A true and correct copy of the UCC filings securing this collateral are attached hereto as **Exhibit D**.

12.     The UCC filings identify the collateral as:

All [iCarz]'s assets and properties wherever located, including without limitation all equipment of any nature, all vehicles, vehicle parts and inventory now owned or hereafter acquired, without limitation, purchase money inventory, the purchase of which was financed or floorplanned by NextGear Capital, Inc. for [iCarz] of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts, accounts receivable, chattel paper, and general intangibles now owned or hereafter acquired by [iCarz] together with the proceeds thereof; all of [iCarz] documents, books and records relating to the foregoing.

Exhibit D.

13.     Between May 2019, and April 2020, iCarz used its line of credit to purchase 126 vehicles (the "iCarz Vehicles") from various sources for the principal amount of $1,416,003.20. As of April 20, 2020, the total outstanding principal and interest due was $1,444,609.13.

14.     A Receivable Detail (the "iCarz  Receivable Detail") identifying each vehicle purchased under iCarz's floorplan credit line, which was prepared and kept in the ordinary course of business by NextGear, is attached hereto as **Exhibit E**.

15.     The iCarz Receivable Detail identifies each of the iCarz Auto Vehicles by, among other things, (a) floor date; (b) vehicle description; (c) color; (d) VIN; (e) Stk #; (f) source; (g) original amount owed under the iCarz Auto Note; and the (h) outstanding principal balance.

16.     The iCarz Receivable Detail further details all fees, interest, collateral protection and other amounts due under the iCarz Auto Note.

3

17.    Based on my experience as NextGear Capital's Senior Manager of Risk and Recovery, the most significant risk in inventory financing is that the dealer borrower will sell the collateral in retail and then wrongfully retain the proceeds that should have been remitted to the floorplan lender.  A consumer purchaser of inventory in the ordinary course of business customarily takes the vehicle free of the lender's lien. The floorplan lender's main protection is, therefore, the trust and integrity of the dealer borrower to payoff vehicles as they are sold.  To the extent that the dealer borrower sells a vehicle in its inventory without paying off the principal and interest owed to the floorplan lender, such an occurrence is known as a "sale out of trust", or "SOT."

18.    On or about March 27, 2020, an ACH payment initiated by iCarz in the amount of $41,017.51 was dishonored by iCarz's financial institution because of a "stop payment" order also initiated by iCarz.

19.    Although iCarz rectified the declined ACH payment, the incident led to increased scrutiny of the iCarz account.  It was determined that iCarz had dozens of vehicles on its NextGear Capital floorplan which were not being offered for sale on iCarz's on-line website.

20.    NextGear Capital repeatedly attempted to communicate with iCarz to determine the status of vehicles for which NextGear Capital had provided financing but apparently no longer being offered for sale, but iCarz was either non-responsive or evasive in its response.

21.    On or about April 8, 2020, NextGear Capital declared iCarz in default of its obligations, for among other things, suspected SOT vehicles and iCarz's non-cooperation, and NextGear Capital initiated self-help repossession of its inventory collateral from iCarz lot.  Upon performance of the repossession, NextGear Capital determined that at least thirteen (13) floorplanned vehicles had been sold out of trust. NextGear Capital was able to confirm these vehicles had, in fact, been sold because consumer financing companies that had financed the consumer purchase of these vehicles contacted NextGear seeking vehicle titles.  NextGear Capital did not receive the proceeds from any of these sales.  NextGear Capital confirmed that another sixty-six (66) floorplanned vehicles were not on iCarz's premises, and NextGear Capital did not authorize iCarz to move them.

22.    Despite NextGear Capital's demand upon iCarz to assemble and deliver the missing vehicles, or to account for the whereabouts or status (i.e., sold or unsold), iCarz has failed and refused to

4

DECLARATION OF ERIC BROWN IN SUPPORT OF NEXTGEAR CAPITAL, INC.'S MOTION FOR ENTRY OF
DEFAULT AND DEFAULT JUDGMENT

do so. Based on my experience as NextGear Capital's Senior Manager of Risk and Recovery, there is an extremely high likelihood that iCarz has either sold the vehicles or is concealing their location in an effort to sell them at a later date.

23.    Since the repossession, iCarz has turned over to NextGear Capital several other vehicles, but refuses to provide any information about the cars still missing, while seeking NextGear Capital's release of titles for vehicles which have been sold.

24.    NextGear Capital has received no assurances that iCarz is not engaging in the unauthorized sale of NextGear's collateral, and NextGear has not received any assurances that NextGear Capital will receive the proceeds of sale of its collateral.

25.    On May 14, 2020, pursuant to this Court's order on NextGear Capital's application for temporary restraining order, iCarz served on NextGear Capital's counsel a declaration identifying the location of each iCarz vehicle. A true and correct copy of this declaration is attached hereto as **Exhibit F.** Of the 126 vehicles, only 7 vehicles are still located at iCarz's salesfloor on 3215 Fulton Ave., Sacramento, California 95821. The remaining vehicles appeared to have been sold to consumers or otherwise transported from iCarz's location. NextGear Capital has not received any of the payments required once these vehicles are sold.

26.    I am not aware of any facts indicating that any if iCarz's inventory has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of Plaintiff.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct on this 21 day of October, 2020, at Carmel, Indiana.

Dated: October 21, 2020

By: _____
    Eric Brown
    Senior Manager of Risk and Recovery
    NEXTGEAR CAPITAL, INC.

DECLARATION OF ERIC BROWN IN SUPPORT OF NEXTGEAR CAPITAL, INC.'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT