KURT A. KAPPES – SBN 146384
LUPE R. LAGUNA – SBN 307156
JONATHAN K. OGATA – SBN 325914
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
kappesk@gtlaw.com
lagunal@gtlaw.com
ogataj@gtlaw.com

Attorneys for Plaintiff
NEXTGEAR CAPITAL, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ICARZ, INC., d/b/a LENDING CLUB AUTO d/b/a LATINOS AUTO CENTER, California Corporation,<br><br>    Defendant. | CASE NO.  2:20-CV-00851-MCE-CKD<br><br>**[PROPOSED] JUDGMENT AGAINST DEFENDANT ICARZ, INC.** |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Plaintiff Nextgear Capital, Inc. ("Plaintiff"), is hereby awarded final judgment on its claims for relief against Defendant iCarz, Inc. ("Defendant") as set forth in Plaintiff's Complaint for damages as the prevailing part in this action under Rule 55(b) of the Federal Rules of Civil Procedure.

1. WHEREAS, Plaintiff is a lender that focuses on, but is not limited to, inventory or floorplan financing for car dealerships, and Defendant owns a car dealership located at 3215 Fulton Ave. Sacramento, California, 95821.

2. WHEREAS, on August 29, 2013, Plaintiff and Defendant entered into a Demand Promissory Note and Loan and Security Agreement (the "Note").  On or around August 3, 2015, Plaintiff

and Defendant entered into an Amendment to Demand Promissory Note and Loan and Security Agreement under which Defendant's floorplan credit line was increased to $1,000,000. On April 16, 2016, Plaintiff and Defendant entered into a second Amendment to Demand Promissory Note and Loan and Security Agreement under which Defendant's floorplan credit line was increased to $2,000,000.

3.  WHEREAS, to secure the repayment of any credit advanced, Defendant granted a security interest to Plaintiff in virtually all of its business assets, including, but not limited to, its entire vehicle inventory. Specifically, under the Note, iCarz granted NextGear a security interest as follows:

> …all of [iCarz Auto's] assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in [iCarz]'s Reserve held by or on behalf of Lender, if any; all documents, documents of title, deposit accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [iCarz]; all cash reserves; all of [iCarz]'s books and records (including any books and records contained on computer hardware or software or otherwise stored by or on behalf of [iCarz] in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds of any of the foregoing (collectively, the "Collateral").

(Brown Decl., Ex. A, ¶ 2 (a).)

4.  WHEREAS, Plaintiff perfected its security interest in the Collateral by filing a UCC-1 financing statement and subsequent amendments thereto. (Brown, Decl. Ex. D.) The UCC filings identify the collateral as:

> All [iCarz]'s assets and properties wherever located, including without limitation all equipment of any nature, all vehicles, vehicle parts and inventory now owned or hereafter acquired, without limitation, purchase money inventory, the purchase of which was financed or floorplanned by NextGear Capital, Inc. for [iCarz] of whatever kind or nature, and all returns, repossessions, exchanges, substitutions, attachments, additions, accessions, accessories, replacements, and proceeds thereof; all accounts, accounts receivable, chattel paper, and general intangibles now owned or hereafter acquired by [iCarz] together with the proceeds thereof; all of [iCarz] documents, books and records relating to the foregoing.

(Brown Decl., Ex. D.)

5.  WHEREAS, between May 2019, and April 2020, Defendant used its line of credit to purchase 126 vehicles (the "iCarz Vehicles") from various sources for the principal amount of $1,444,609.13.

6.  WHEREAS, a Receivable Detail (the "iCarz Receivable Detail") identifying each vehicle

purchased under Defendant's floorplan credit line, which was prepared and kept in the ordinary course of business by Plaintiff, identifies each of the iCarz vehicles by, among other things, (a) floor date; (b) vehicle description; (c) color; (d) VIN; (e) Stk #; (f) source; (g) original amount owed under the iCarz Auto Note; and the (h) outstanding principal balance. The iCarz Receivable Detail further details all fees, interest, collateral protection and other amounts due under the Note.

7. WHEREAS, Defendant has defaulted on the Note by failing to make the required payments to Plaintiff and dissipating Plaintiff's collateral.

8. IT IS THEREFORE HEREBY ORDERED that judgment be entered in favor Plaintiff and against Defendant in the amount of $1,444,609.13.

Dated: October___, 2020

_____
United States District Court Judge
Morrison C. England, Jr.